## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

BOB J. BATT,                        )
                                    )
       **Plaintiff,**        )
v.                                  )     **Case No. 05-CV-0421-CVE-PJC**
                                    )
KIMBERLY-CLARK CORPORATION,         )
                                    )
       **Defendant.**        )

### OPINION AND ORDER

Magistrate Judge Paul J. Cleary granted defendant Kimberly-Clark Corporation's ("Kimberly-Clark") request for a protective order (Dkt. # 50) excluding plaintiff's wife from attending plaintiff's deposition. Plaintiff appeals the order of the magistrate judge (Dkt # 52). Defendant has responded, asking this Court to affirm the magistrate judge's order, and plaintiff has replied. Kimberly-Clark has appealed the magistrate judge's order requiring it to produce information concerning other employees that have requested leave under the Family and Medical Leave Act ("FMLA") or accommodations under the Americans with Disabilities Act ("ADA") (Dkt. # 53). Plaintiff has responded to Kimberly-Clark's appeal, but has also filed a motion to strike the appeal as untimely (Dkt. # 55).

### I.

This lawsuit arose out of plaintiff's termination from his employment for allegedly engaging in hostile and disruptive behavior at work. Plaintiff was employed by Kimberly-Clark and it was rumored that plaintiff was having an extramarital affair with a co-worker, Debra Fuchs-Young. Kimberly-Clark did not fire plaintiff or Ms. Fuchs-Young based on these allegations, but it did bring these rumors to the attention of both employees. Kimberly-Clark states that plaintiff became increasingly hostile to co-workers and management, especially when Ms. Fuchs-Young received a

performance improvement plan criticizing her job performance.  Kimberly-Clark attempted to discipline plaintiff for his behavior, but plaintiff abandoned his shift before Kimberly-Clark could fully discuss the matter with plaintiff.  Plaintiff was formally discharged by Kimberly-Clark on March 18, 2005.  On February 22, 2006, plaintiff appeared at his deposition, along with his attorney and his wife.  Defense counsel objected to taking plaintiff's deposition with Ms. Batt present.  The attorneys for both parties conferred privately in an attempt to resolve this discovery dispute, but plaintiff's attorney refused to ask Ms. Batt to leave the deposition.  Kimberly-Clark's attorney stated three specific objections to allowing Ms. Batt to attend her husband's deposition: (1) "sensitive issues" concerning plaintiff's alleged extramarital affair were likely to arise during the deposition; (2) Ms. Batt had not agreed to sign a confidentiality agreement; and (3) Ms. Batt was not a party to the case.  Kimberly-Clark postponed the deposition until this issue could be resolved.  Kimberly-Clark filed a motion requesting that the Court enter a protective order excluding Ms. Batt from plaintiff's deposition (Dkt. # 39).  After a hearing on Kimberly-Clark's motion, the magistrate judge granted Kimberly-Clark's motion for a protective order and excluded plaintiff's wife from his deposition.  Plaintiff appeals the magistrate judge's order on the basis that the order was clearly erroneous or contrary to the law.

Also at issue during this hearing was plaintiff's motion to compel production regarding other employees that have requested FMLA leave or ADA accommodations at its Jenks facility.  The magistrate judge ruled on April 10, 2006 and ordered Kimberly-Clark to produce the requested information about its employees, dated from January 1, 2001 to January 1, 2006.  On April 27, 2006, Kimberly-Clark filed an appeal of this order.  Kimberly-Clark claims that the magistrate judge's order will force it to violate the privacy provisions of the ADA by disclosing confidential medical

2

records of its employees.  Kimberly-Clark appeals the magistrate judge's order on the basis that it is clearly erroneous or contrary to the law.

## II.

Pursuant to Northern District of Oklahoma local rule 37.1, the motion for protective order and motion to compel were referred to a magistrate judge for resolution. Fed. R. Civ. P. 72(a) states that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.

## III.

Plaintiff objects to the magistrate judge's order relating to the Batt deposition because plaintiff believes that the magistrate judge applied the wrong legal test when granting Kimberly-Clark's motion for protective order.  Plaintiff argues that a person may be excluded from a deposition under Fed. R. Civ. P. 26(c)(5) only for good cause, and that a witness may not automatically be excluded from a deposition based on the request of the opposing party.  The Court has the discretion to issue protective orders within the limitations provided by Fed. R. Civ. P. 26(c). Estate of Trentadue v. United States, 397 F.3d 840,  866 (10th Cir. 2005); Cummings v. General Motors Corp., 365 F.3d 944, 952 (10th Cir. 2004).  Both parties cite case law which suggests that courts have exercised their discretion to permit or exclude non-party attendance, depending on the facts of the particular case.

Rule 26(c)(5) provides:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . .  may make any order which justice requires to protect a party or person

> from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (5) that discovery be conducted with no one present except persons designated by the court.

Fed. R. Civ. P. 26(c)(5).  The express limitation placed on a court's power to issue a protective order is the good cause standard, but a court may exercise its discretion to determine if good cause has been shown.  Sheftelman v. Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987) (Fed. R. Civ. P. 26(c) grants district court discretion to issue protective order to control manner of deposition upon a showing of good cause).

The magistrate judge held a hearing on Kimberly-Clark's motion for protective order.  At this hearing, the magistrate judge directly asked plaintiff's counsel why Ms. Batt needed to be present at her husband's deposition and plaintiff's counsel could offer no reason that her presence was necessary or beneficial for the parties.  Transcript of Proceedings, April 10, 2006 at 4 (Dkt. # 51).  Plaintiff acknowledged that his alleged extramarital affair would likely be an issue at his deposition.  Id. at 5.  The magistrate judge found that plaintiff would not be prejudiced if Ms. Batt was excluded from the deposition and the only reason plaintiff could offer in support of his request to allow Ms. Batt to attend the deposition was that Ms. Batt's presence would comfort him during the deposition.  The magistrate judge determined that non-parties do not have an absolute right to attend a deposition, and given the potentially sensitive inquiries that were likely to arise, good cause had been shown to exclude Ms. Batt from the deposition.  Id. at 7.  Ms. Batt could come with her husband and sit outside the room during the deposition, since the reason plaintiff requested Ms. Batt's attendance was primarily for moral support.

4

Plaintiff relies on the 1993 Advisory Committee Notes to Fed. R. Civ. P. 30(c) as evidence that the no person is automatically excluded from a deposition simply based on the request of the opposing party. However, the advisory committee's note clearly states that "[t]he revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance of others, such as members of the public or press." Advisory Committee's Note to 1993 Amendments to Fed. R. Civ. P. 30(c). This note does not offer any support for plaintiff's position.

Plaintiff cites several cases to support his position that the law favors allowing a non-party to attend a deposition, unless good cause can be shown to exclude the non-party. However, none of those cases is binding authority on this Court. Plaintiff cites <u>Visor v. Sprint/United Management Co.</u>, 1997 WL 567923 (D. Colo. 1997), and <u>Jones v. Circle K Stores, Inc.</u>, 185 F.R.D. 223 (M.D.N.C. 1999), but these case deal only with a court's authority to exclude a party from another party's deposition.[1] Plaintiff does not state that Ms. Batt will be asked to give a deposition, nor can plaintiff show that she has any direct interest in the lawsuit. The Court has not found any authority to suggest that a non-party who will not be deposed has any right to attend a deposition, nor was Fed. R. Civ. P. 26(c)(5) revised to deal with this particular situation.

The magistrate judge's decision to exclude Ms. Batt because of the sensitive nature of questioning concerning plaintiff's alleged extramarital affair was not clearly erroneous or contrary to the law. The magistrate judge considered all of the relevant facts and law offered by plaintiff.

---

[1]     Plaintiff cites several other unpublished decisions from other district courts that concern the attendance of interested parties or potential deponent at a deposition. <u>United Incentives, Inc. v. Sea Gull Lighting Products, Inc.</u>, 1991 WL 209018 (E.D.Pa. 1991); <u>Kerschbaumer v. Bell</u>, 112 F.R.D. 426 (D.D.C. 1986). These cases do not offer any support for plaintiff's claim that a non-party who will not be deposed has a right to attend a deposition.

At the hearing held by the magistrate judge, it is clear that he found good cause to exclude Ms. Batt from plaintiff's deposition.  Plaintiff offered no reason that he would be prejudiced by Ms. Batt's exclusion, nor did plaintiff provide any substantive reason that Ms. Batt's presence during questioning would be necessary.  The magistrate judge has allowed Ms. Batt to accompany her husband to the deposition, but has imposed the limitation that she not be present in the room while the deposition is ongoing.  The magistrate judge's decision to grant defendant's motion for protective order excluding Ms. Batt was a reasonable exercise of his discretionary authority under Fed. R. Civ. P. 26(c).

## IV.

Plaintiff has requested the identity of every employee at Kimberly-Clark's Jenks facility that filed for leave under the FMLA or an accommodation under the ADA over a five year period.[2] Kimberly-Clark objected to plaintiff's interrogatories on the grounds that information about non-parties is irrelevant and that plaintiff's discovery requests would require the production of privileged information.[3]  The parties have previously entered into a confidentiality agreement to prevent disclosure of confidential information produced during discovery and plaintiff agrees that it applies to his requests for information about FMLA and ADA requests by other employees.  The magistrate judge ordered Kimberly-Clark to identify any employees that  have requested FMLA leave or ADA accommodations at its Jenks facility from January 1, 2001 to January 1, 2006, and allowed

---

[2]      Plaintiff has not asked for personal information about any employee; the  interrogatory specifically asks for the employee name, dates of employment, and job title.

[3]      The magistrate judge thoroughly dealt with the issue of relevance, finding that plaintiff's discovery requests were likely to help locate potential witnesses and compile statistics. Kimberly-Clark's appeal focuses on the issue of confidentiality, so the issue of relevance is not before the Court.

Kimberly-Clark to redact information about the employee's medical condition.  Transcript of Proceedings, April 10, 2006 at 32 (Dkt. # 51).

Plaintiff argues that Kimberly-Clark's appeal is untimely under Fed. R. Civ. P. 72(a), because it was filed more than ten days after the magistrate judge filed his order.  Kimberly-Clark responds by claiming that its appeal is timely when Fed. R. Civ. P. 6(a) is applied and three additional days are added under Rule 6(e).  Courts that have considered the issue have applied both Rule 6(a) and 6(e) to appeals of a magistrate judge's order, and have included any additional time created by those rules when determining the deadline for filing an appeal.  See Lerro v. Quaker Oats Co., 84 F.3d 239, 241-42 (7th Cir. 1996).  In an unpublished opinion, the Tenth Circuit relied on Lerro and found that when a magistrate judge's order was served on January 23, the deadline for filing an objection was February 10.  Snyder v. Snyder, 1998 WL 58175 (10th Cir. Feb. 11, 1998).[4] Applying the reasoning of these opinions, Kimberly-Clark's appeal was timely filed on April 27, 2006.

The magistrate judge's order requiring Kimberly-Clark to identify employees who have made FMLA or ADA requests in relation to the their employment at its Jenks plant is not clearly erroneous or contrary to the law.  Kimberly-Clark argues that its employees may bring a claim against it under the ADA for disclosing confidential information.  Although Kimberly-Clark cites 42 U.S.C. § 12112(d), that section primarily applies to preemployment requests for medical

---

[4]     The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

information and medical examinations.[5]  Although the employer may request medical information under the ADA in response to an employee's request for an accommodation, the statute requires the employer to store any medical data provided by an employee outside of a worker's general employment file.  See 42 U.S.C. § 12112(d)(3).  Kimberly-Clark can provide information about the request made by an employee without producing confidential medical records.  The magistrate judge's order specifically allows Kimberly-Clark to redact any information about the employee's medical condition and is limited to time periods shortly before and after plaintiff's employment.

Kimberly-Clark has not cited any authority that shows the magistrate judge's decision was clearly erroneous or contrary to the law.  The magistrate judge found that the information sought was relevant to plaintiff's claims and subject to a confidentiality agreement between the parties, which prevents either party from using the information outside of this case.  By limiting the scope of discovery only to the name and employment dates for each employee, but preventing disclosure of the underlying medical conditions and medical records, plaintiff can locate relevant information without requiring Kimberly-Clark to disclose confidential medical information in violation of the ADA.  Therefore, the magistrate judge's order was not clearly erroneous or contrary to the law and Kimberly-Clark's appeal is denied.

---

[5]      Kimberly-Clark cites Griffin v. Steelteck, Inc., 160 F.3d 591 (10th Cir. 1998), as support for its proposition that its employees may bring a lawsuit against it for disclosing confidential medical information.  This case holds only that a non-disabled job applicant may bring a claim against a potential employer for asking prohibited medical questions during the job interview process.  Kimberly-Clark also relies on Cossette v. Minnesota Power & Light, 188 F.3d 964 (8th Cir. 1999), holding that an employee has a claim when medical information is disclosed in violation of the ADA.  In Cossette, the current employer provided a prospective employer results of plaintiff's back examination, which violated the ADA.

8

**IT IS THEREFORE ORDERED** that Plaintiff's Appeal of Magistrate Judge's Order Granting Defendant's Motion for Protective Order (Dkt. # 52) is **denied**;  Plaintiff's Motion to Strike Kimberly-Clark Corporation's Appeal of Magistrate's Order on Discovery (Dkt. # 55) is **denied**; Kimberly-Clark Corporations's Appeal of Magistrate's Order on Discovery (Dkt. # 53) is **denied**;  and Plaintiff's Request for Expedited Order (Dkt. # 56) is **deemed moot**.

**DATED** this 6th day of June, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT