## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOB BATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-421-CVE-PJC |
| | ) |
| KIMBERLY-CLARK CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### **O R D E R**

This matter came before the Court on July 10, 2006, on Plaintiff's Motion for Sanctions for Discovery Abuse ("Plaintiff's Motion") [Dkt. # 64]. Plaintiff's Motion arises from the parties' inability to agree on a reschedule date for the deposition of Kimberly Jones ("Jones"), Defendant's Human Resources Director. Plaintiff seeks a total of $2,083.50 for costs/expenses and attorney fees associated with Jones's deposition which was noticed for May 23, 2006, and for which Jones did not appear.

### **FACTUAL BACKGROUND**

On February 21, 2006, by agreement of the parties, Plaintiff was to depose both Bob Nelson, Plaintiff's former supervisor, and Jones. Jones's deposition was to follow immediately following that of Nelson; however, because Nelson's deposition ran longer than anticipated, Jones's deposition did not occur. In May, Plaintiff's counsel sought to reschedule the Jones deposition. Discovery cutoff was June 30, 2006. [Dkt. # 43]. The history of the parties' efforts to schedule Jones's deposition is set forth in detail in Plaintiff's Motion and need not be repeated here. For purposes of this motion, it is sufficient to note that on May 9, 2006, Plaintiff noticed Jones for deposition to take place

in Tulsa on May 23, and that thereafter Defense counsel informed Plaintiff's counsel on several occasions that Jones was not available on that date. Defendant's counsel further promised to provide alternative deposition dates. Plaintiff's counsel felt Defense counsel was slow in suggesting alternative dates and, furthermore, found that the dates ultimately offered were unacceptable.[1] For example, Defendant proposed May 31, June 2, June 8 or June 9. These dates were all rejected by Plaintiff's counsel who insisted the deposition be done the week of May 22. Plaintiff offered to reschedule the deposition if Defendant would agree to extend discovery 30 days, but Defendant rejected this offer.

The upshot of this tortuous history is that Jones was noticed to appear for deposition on May 23, 2006, and while Defendant notified Plaintiff that Jones was not available that date, Defendant did not move to quash the notice or take any similar action to resolve the stalemate. Plaintiff's counsel traveled to Tulsa on May 23 and Jones and her counsel did not appear.[2] The day following the aborted deposition, the parties agreed that Jones's deposition would occur on May 31. That deposition has now been completed. Plaintiff's Motion was filed on May 30, 2006.

**APPLICABLE LEGAL STANDARD**

If a properly-noticed party fails to appear for deposition, Fed. R. Civ. P. 37 empowers a court to "make such orders in regard to the failure as are just." Fed. R. Civ.

---

[1]   Defendant has suggested that one reason for any delay in suggesting alternative deposition dates was that lead defense counsel Tricia Kinney's travel had been restricted for medical reasons during the latter stages of pregnancy and the defense was attempting to transition the case to another partner.

[2]   Jones's deposition was noticed to take place in Tulsa even though Plaintiff's counsel, Jana B. Leonard, and Defendants' local counsel, Russell L. Mullinix, office in Oklahoma City. Lead defense counsel is located in Atlanta, Georgia.

2

P. 37(d). These orders include those outlined in Rule 37(b)(2)(A)-(C). The rule further provides:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

A court has great discretion in imposing sanctions. *E.g.*, *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971). Any sanction should be just and reasonable.

## DISCUSSION

This dispute can and should have been worked out without the need for a sanctions motion. Either party could have invoked the Court's assistance under the Local Rules and avoided the senseless time and expense associated with a motion such as this. The Local Rules of this Court provide:

> **Expedited Hearings.** A magistrate judge may expedite discovery matters by means of telephone conferences or emergency hearings. Where exigent circumstances are present, verbal or telephonic requests for an expedited hearing may be made through the office of the Court Clerk or directly to a magistrate judge's office.

LCvR 37.2(b).

Pursuant to this rule, either party could have requested an expedited telephonic hearing to enlist the Court's assistance in finding an acceptable date for Jones's deposition. The Court is confident that a 30-minute telephone conference would have resolved the matter. Indeed, even without Court assistance the parties were able to reach an accommodation and the deposition at issue has now been successfully completed. Unfortunately, even though the parties successfully concluded this critical legal fight they

3

have now returned to the battlefield to shoot the wounded – and have asked the Court to assist. The Court would opt for conscientious objector status – were it available – but since it is not, we proceed with an analysis under the Federal Rules of Civil Procedure.

From the record evidence, the parties faced the following situation on May 22, 2006: Plaintiff had noticed Jones for deposition scheduled for the following morning. Defense counsel had advised Plaintiff's counsel on several occasions that Jones was not available on May 23; however, efforts to reschedule Jones's deposition had failed. The critical questions are whether Defendant was required to do more to resolve the dispute than simply notify Plaintiff's counsel of Jones's unavailability on May 23, and, if so, what sanction should be imposed for Defendant's failure in this regard.

Courts have discussed a party's options when confronted, as Defendant was here, with a noticed deposition that the witness could not attend. *E.g.*, *Goodwin v. City of Boston*, 118 F.R.D. 297 (D. Mass. 1988). In *Goodwin*, plaintiffs noticed the deposition of the City Police Commissioner. *Id.* at 297-98. Five days later, the Commissioner moved to quash the deposition notice. *Id.* at 298. Defendant also filed a Motion for Protective Order seeking to stay any discovery by the Plaintiffs. *Id.* When the date of the noticed deposition arrived, the Court had not ruled on either the Motion to Quash or the motion to Stay. *Id.* Thus, on the appointed day, the plaintiffs took off from work to attend the deposition and their attorney appeared with a stenographer. Defendant did not appear, taking the position that he would not do so until the court ruled on his pending motions. *Id.* Plaintiff then moved for sanctions seeking reimbursement for the stenographer's cancellation fee, attorney's fees and wages lost by the Plaintiffs by taking the day off from work. *Id.*

4

In a brief Order, Magistrate Judge Robert Collings noted that "[t]he filing of a motion to quash or a motion for protective order does not automatically operate to stay a deposition or other discovery." *Id.* The Court stated that when it appears the court will not decide the movant's motion before the scheduled deposition, counsel for the movant should contact opposing counsel and attempt to reach an agreement staying the deposition until after the Court acts on the pending motion. *Id.* "If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or motion for a protective order and to alert the clerk to the need for immediate action on the motion to stay." *Id.*

Certainly nothing less is required here. Defendant was required to take some action to stay the deposition until the parties, with or without the Court's assistance, could resolve the dispute. This could have been done even without a formal motion. Local Rule 37.2 provides a simple mechanism to invoke the Court's aid. Even only hours before the May 23 deposition, Defendant could have enlisted the Court's assistance by telephone, but did not do so. Thus, under the law, Defendant is in the wrong. The question is what sanction is a just and reasonable punishment for Defendant's failure.

*Goodwin* is instructive in this regard. While Judge Collings concluded that Defendant's failure to secure protection from the scheduled deposition warranted a sanction under Rule 37, the Court also found that Plaintiff bore some responsibility for the costs incurred; therefore, the court awarded only nominal expenses.

Similarly, the Court finds here that Plaintiff is not entirely without blame in this matter. Plaintiff proceeded with the noticed deposition after having been told on several occasions that Jones was unavailable on May 23. Furthermore, Plaintiff's counsel chose

to notice the deposition in Tulsa, even though her office is in Oklahoma City, thereby incurring four hours travel time.  Additionally, Plaintiff could have avoided the cost of research and preparation of a Motion for Sanctions and a Reply brief in support of the Motion by using the procedure encouraged by LCvR 37.2.  Finally, the briefing done on the sanctions motion was of marginal assistance to the Court.  Much of the briefing was a factual recitation as to how the stalemate arose – something that could have easily been summarized during a telephone conference.

For these reasons, I will award to Plaintiff the $51.25 court reporter fee for the May 23 deposition and $100 in attorney fees.  Defendant is to pay the sum of $151.25 to Plaintiff's counsel within 15 days of the date herein.

IT IS SO ORDERED, this 14th day of July 2006.

_____
Paul J. Cleary
United States Magistrate Judge